# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

TAWAKALITU ATINUKE SHIFAT,

　Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

　Respondent.

Civ. No. 17-2368 (KM)

OPINION

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

The petitioner, Tawakalitu Atinuke Shifat, is an immigration detainee currently lodged at the Hudson County Correctional Facility in Kearny, New Jersey. Ms. Shifat is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Her petition challenges her immigration detention and also alludes to a denial of medical care. For the following reasons, the habeas petition will be summarily dismissed without prejudice.

## II. BACKGROUND

Ms. Shifat is a native of Nigeria. She was placed into immigration detention on November 2, 2015. On May 5, 2016, an Immigration Judge ("IJ") ordered Ms. Shifat removed. The Board of Immigration Appeals ("BIA") dismissed Ms. Shifat's appeal of that removal order on December 9, 2016. Ms. Shifat's motion to reopen was denied by the BIA on February 24, 2017. According to the petition, Ms. Shifat's motion for stay of removal remains pending before the United States Court of Appeals for the Second Circuit.

In April 2017, this Court received Ms. Shifat's petition for a writ of habeas corpus. Ms. Shifat asserts that her prolonged immigration detention violates the Constitution. Additionally,

she protests a lack of medical care, alluding to an operation that immigration authorities state they cannot fund. (*See* Dkt. No. 1 at p.10)

### III.     LEGAL STANDARD: SUA SPONTE DISMISSAL

With respect to screening the petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

"[A] district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court [.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

### IV.     DISCUSSION

A. <u>Immigration Detention</u>

Ms. Shifat is now subject to a final order of removal. *See* 8 C.F.R. § 1241.1(a) (order or removal by IJ becomes final upon dismissal of appeal by the BIA). Post-removal immigration detention can become excessive at some point. Title 8 of the United States Code Section 1231(a)(1)(A) states that, "except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period")." *Id.* § 1231(a)(1)(A). The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* § 1231(a)(1)(B). Federal regulations provide that:

> An order of removal made by the immigration judge at the conclusion of the proceedings under section 240 of the Act shall become final:
> (a) Upon dismissal of an appeal by the Board of Immigration Appeals;
> (b) Upon waiver of appeal by the respondent;
> (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;
> (d) If certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal; or
> (e) If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary department bond within 5 business days. If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the Attorney General, or upon overstay of the voluntary departure period granted or reinstated by the Board or the Attorney General.

8 C.F.R. § 1241.1. Section 1231(a)(2) requires that the alien be detained during the ninety day post-removal order period. *See* 8 U.S.C. § 1231(a)(2). If the alien is not removed during that ninety-day period, then § 1231(a)(6) authorizes either continued detention or release on bond:

> An alien ordered removed who is inadmissible under section 1982 of this title, under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the United States Supreme Court held that § 1231(a)(6) "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." 533 U.S. at 689. To state a habeas claim under § 2241, the petitioner must provide facts showing good reason to believe that there is no reasonable likelihood of his actual removal in the

reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701. "*Zadvydas* does not delineate the boundaries of evidentiary sufficiency, but it suggests that an inversely proportional relationship is at play: the longer an alien is detained, the less he must put forward to obtain relief" *Alexander v. Attorney Gen. United States*, 495 F. App'x 274, 276-77 (3d Cir. 2012) (citing *Zadvydas*, 533 U.S. at 701). As a rule of thumb, the Supreme Court stated that six months is a presumptively reasonable period of post-removal detention under § 1231(a)(6). *See Zadvydas*, 533 U.S. at 701.

Ms. Shifat's post-removal immigration detention began on December 9, 2016, when the BIA dismissed her appeal. *See* 8 C.F.R. § 1241.1(a). Thus, her immigration detention is still within the presumptively reasonable six-month period of post-removal immigration detention set forth in *Zadvydas*. Her challenge is therefore premature. *Accord Grossett v. Muller*, No. 13–0364, 2013 WL 6582944, at *3 (D.N.J. Dec. 13, 2013) (noting *Zadvydas* claim is premature if filed prior to expiration of six-month presumptively reasonable removal period); *Abdou v. Elwood*, No. 12–7720, 2013 WL 1405774, at *4 (D.N.J. Apr. 4, 2013) (same). Should the United States fail to execute the order of removal within a reasonable time, the claim may be reasserted. My dismissal of her petition is without prejudice to such a later challenge.

B. Medical Care

Ms. Shifat also asserts in her habeas petition that she has been denied adequate medical care by immigration authorities. To the extent this may have been intended as a separate claim, it relates to the conditions of her confinement at the Hudson County Correctional Facility. Such a conditions-of-confinement claim is appropriately brought in a civil rights action under 42 U.S.C. § 1983, not as a supplement to a habeas petition under 28 U.S.C. § 2241. *See Woodruff v. Williamson*, 362 F. App'x 263, 266 (3d Cir. 2010); *see also Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir.2002) ("[W]henever the challenge ultimately attacks the 'core of habeas'—the validity of

the continued conviction or the fact or length of the sentence—a challenge, however, denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement, such that a finding in plaintiff's failure would not alter his sentence or undo his conviction, [a civil rights action] is appropriate.").

Accordingly, I will dismiss Ms. Shifat's medical care claim. *See Brown v. Warden Lewisburg USP*, 601 F. App'x 85, 86 (3d Cir. 2015) (finding district court properly dismissed habeas petition where petitioner raised claims associated with his conditions of confinement since they are not cognizable habeas claims). This dismissal is without prejudice to assertion of such a claim in a properly filed § 1983 action.

## V. CONCLUSION

For the foregoing reasons, the habeas petition is dismissed without prejudice. An appropriate order will be entered.

DATED: April 18, 2017

KEVIN MCNULTY
United States District Judge